**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| STATE OF MISSOURI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16-CV-1206-RLW |
| ) | |
| GEORGE M. KNIEST, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On or about July 22, 2016, George M. Kniest filed a pro se notice of removal in this Court, seeking "federal removal of criminal case ED104166-01 [and] criminal case SC95637," on the grounds that his constitutional rights were being violated in the state proceedings. Because there is no statutory basis for Mr. Kniest to remove the state action to federal court, this matter will be summarily remanded to the Missouri Court of Appeals for the Eastern District.

Mr. Kniest states that he pled guilty to state charges of first degree assault and armed criminal action in the Circuit Court of St. Francois County. He complains that he was illegally sentenced and that every time he has tried to seek relief from the Missouri Supreme Court, the matter is transferred to the Missouri Court of Appeals. Defendant states, "A rigged court system violates federal and state due process of law." Defendant is now attempting to remove his charges to federal court. As explained below, however, there is no basis for removal of the instant state-court proceedings.

The Court notes that three federal statutes allow for the removal of certain criminal prosecutions from state to federal court. Those statutes are extraordinarily limited, however, and none of the three statutes allows for removal of this matter.

First, 28 U.S.C. § 1442 provides that civil and criminal actions commenced in state court against the United States itself and against officers of the United States acting under color of office may be removed to federal court. Nothing in defendant's notice of removal or any of the other documents filed by defendant indicate that he is a federal officer or otherwise meets the requirements of § 1442. Defendant has not sought to invoke § 1442, and there is no reason to believe that defendant could have successfully invoked § 1442 if he had tried.

Second, 28 U.S.C. § 1442a allows for removal "of a civil or criminal prosecution in a court of a State of the United States against a member of the armed forces of the United States" who was acting under color of his status as a member of the armed forces. There is similarly no indication in the documents filed by defendant that he is a member of the United States armed forces or that he was acting under color of his status as a member of the armed forces. Defendant therefore cannot invoke (and has **not** tried to invoke) § 1442a.

Third, § 1443 states of Title 28 states, in relevant part:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . .
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

"Removal jurisdiction under § 1443(1) is very limited. Generally 'the vindication of the defendant's federal rights is left to the state courts.'" *Minnesota v. Bey,* Nos. 12–CR–0256 & 12–CR–0257 (JRT), 2012 WL 6139223, at *1 (D.Minn. Dec. 11, 2012) (quoting *City of Greenwood*

2

*v. Peacock,* 384 U.S. 808, 828 (1966)). In order to remove a case under § 1443(1), a defendant must show (1) "that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." *Johnson v. Mississippi,* 421 U.S. 213, 219 (1975) (quotations omitted).

Defendant satisfies neither prong of this test. Although defendant alleges that his constitutional rights are being violated in state court, defendant has pointed to nothing indicating that the State of Missouri has violated his rights on account of his race. "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice" to remove a case under § 1443(1). *Id.*

With respect to the second prong, the Court cannot conclude, based on the facts presented, that the state courts cannot vindicate defendant's federal constitutional rights. As such, defendant may not invoke § 1443(1) as a basis for removing this prosecution to federal court.

Section 1443(2) is no more availing. That provision "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood,* 384 U.S. at 824. As noted above, there is no indication from the documents filed by defendant that he is a federal officer or agent. Nor is there any indication that defendant was executing duties under federal law providing for equal civil rights. Defendant therefore cannot remove the criminal proceedings under § 1443(2).

Finally, even if there were a statute providing for the removal of this prosecution to federal court (and there is not), it does not appear that defendant has adequately followed the procedures for removal. Under § 1455(b)(2),

> (b) Requirements.—
>
> (1) A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.
>
> (2)A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice. For good cause shown, the United States district court may grant relief from the limitations of this paragraph.

As previously noted, defendant is attempting to remove an action from the Missouri Court of Appeals, well after his arraignment in state court. Furthermore, he has failed to show "good cause" for the untimeliness of his notice of removal.

"If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). Based on the documents filed in this action, and for the reasons provided above, removal cannot be permitted in this case. The Court therefore summarily remands this matter to the Missouri Court of Appeals for the Eastern District.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Missouri Court of Appeals for the Eastern District.

**IT IS FURTHER ORDERED** that all remaining pending motions are **DENIED** without prejudice as moot.

**IT IS FURTHER ORDERED** that the Clerk shall forward a certified copy of this Order to the Missouri Court of Appeals for the Eastern District, with reference to *State of Missouri v. George Kniest*, Case No. ED104166-01.

Dated this 24th day of August, 2016.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE